# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:15cv165

| | | |
|---|---|---|
| DAVID B. CROSSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is the Motion to Dismiss filed by Defendant [# 5].

Plaintiff, who is proceeding *pro se* in this matter, will now be advised of his

obligation to respond and the time for doing so.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

Plaintiff, who is proceeding *pro se*, is cautioned that Defendant has filed a Motion

to Dismiss.  In its motion, Defendant contend that the claims asserted against it are

subject to dismissal pursuant to Rule 12(b)(1) and (6) because the Complaint fails

to state a claim for relief, is moot, and the court lacks subject matter jurisdiction

over the dispute.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal

where a party has failed to state a cause of action as a matter of law. This language

means that in responding to the motion to dismiss, Plaintiff must show that he has

made sufficient allegations to support a cause of action against such defendant that

is recognized by law.   In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007),

the Court held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must

allege facts in his complaint that "raise a right to relief above the speculative

level." <u>Id.</u>, at 555.

> [A] plaintiff's obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and conclusions,
> and a formulaic recitation of the elements of a cause of action will not
> do . . . .

<u>Id.</u> (second alteration in original; citation omitted). Further, a complaint will not

survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of

further factual enhancement." <u>Id.</u>, at 557.  Instead, a plaintiff must now plead

sufficient facts to state a claim for relief that is "plausible on its face." <u>Id.</u>, at 570.

The court again visited the Rule 12(b)(6) pleading standard in <u>Ashcroft v. Iqbal</u>,

___ U.S. ___, 129 S. Ct. 1937 (May 18, 2009). In <u>Ashcroft</u>, the Court held that

Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me

accusation." <u>Id.</u>, S. Ct., at 1949. The Court explained that, "to survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." <u>Id.</u> (internal quotation and

citation omitted).  What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id.  This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id.  Thus, a complaint falls short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . . ." Id.

While the court accepts plausible factual allegations made in the Complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

Rule 12(b)(1) provides that the Court may dismiss a complaint where it lacks subject matter jurisdiction over a dispute.  Defendant contends that dismissal is proper under Rule 12(b)(1) because the failure of Plaintiff to first submit his claim to the United States Postal Service prior to brining suit deprives this Court of subject matter jurisdiction over the dispute.

Plaintiff is advised that the method for responding to Defendant's motion requires that he file a written "response" to Defendant's motion within the time allowed by this Order.  A copy of such response must be sent to counsel for all

other parties, and Plaintiff must certify that he has made such service in a "certificate of service" indicating the manner in which such service was made. Accordingly, the Court **INSTRUCTS** Plaintiff that he should file a written response to Defendant's Motion to Dismiss by September 17, 2015. Plaintiff's written response should not exceed twenty-five pages in length. The failure to respond to the motion may result in an Order being entered dismissing Plaintiff's case.

Signed: September 3, 2015

Dennis L. Howell
United States Magistrate Judge