# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15cv165

| | |
|---|---|
| DAVID B. CROSSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is the Motion to Dismiss [# 5]. Plaintiff brought this action in North Carolina District Court asserting claims related to the United States Postal Service's ("USPS") alleged failure to issue an accurate notification of separation form (SF-50) after his release from employment. USPS removed the case to this Court and moved to dismiss the Complaint in its entirety. The Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 5].

**I.     Background**

Plaintiff is a former employee of USPS. (Pl.'s Compl. p. 2.) USPS released Plaintiff from his employment on June 2, 2015. (Id.) Plaintiff alleges that USPS failed to compensation him for his forty-nine hours of accrued vacation leave. (Id.

pp. 2-3.) The total amount of Plaintiff's unpaid leave is $765.87. (Id. p. 3.)

In addition, USPS failed to provide Plaintiff with an accurate SF-50 form. (Id. p. 2.) Plaintiff contends that he needed this form in order to file for unemployment compensation in Arizona. (Id. pp. 2, 4.) As a result of not receiving the SF-50 form, Plaintiff alleges that he was unable to get nineteen weeks of employment compensation. (Id. p. 3.) Plaintiff contends that the total amount of lost unemployment compensation was $4560.00. (Id.)

Plaintiff brought this action *pro se* in Buncombe County District Court. USPS removed the action to this Court and then moved to dismiss the Complaint. The District Court referred the motion to this Court, and the Court entered an Order advising Plaintiff of his obligation to respond to the motions. (Order, Sept. 3, 2015.) The motion is now properly before this Court for a Memorandum and Recommendation to the District Court.

**II.  Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir.

2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d

at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

#### A. Plaintiff's Claim for Unpaid Leave

Plaintiff seeks the recovery of his unpaid leave. After the filing of this Complaint, USPS issued a check to Plaintiff for his unpaid leave. As such, both Plaintiff and Defendant consider this issue moot. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to the claim for unpaid leave.

#### B. Plaintiff's Claim for Damages Stemming from the Issuance of SF-50

The United States is immune from suit except as it consents to suit. United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351 (1980). The Federal Torts Claims Act ("FTCA") is one such waiver of sovereign immunity. Durden v. U.S., 736 F.3d 296, 301 (4th Cir. 2013); Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990); Hahn v. U.S., 313 F. App'x 582, 584 (4th Cir. 2008) (unpublished). "Under the FTCA, the United States consents to

suit for injuries caused by the negligent acts or omissions of government employees acting within the scope of their official employment." Hahn, 313 F. App'x at 584-85.

Pursuant to the Federal Tort Claims Act, the United States is liable for a tort claim in the same manner and extent as a private individual under similar circumstances pursuant to the law where the act or omission occurred. 28 U.S.C. § 2674; 28 U.S.C. § 1346(b)(1); Anderson v. U.S., 669 F.3d 161, 164 (4th Cir. 2011). "In other words, a claimant has a FTCA cause of action against the government only if she would also have a cause of action under state law against a private person in like circumstances." Anderson, 669 F.3d at 164 (internal quotations and citation omitted). Thus, the substantive law of the state where the cause of action arises applies. Id. Here, the Complaint asserts a claim against USPS based on the negligence of its employees to provide Plaintiff with an accurate SF-50, which resulted in financial injury to Plaintiff. Accordingly, Plaintiff's claim for damages against USPS is governed by the FTCA. See Toney v. U.S., 366 F. Supp. 2d 324, 325-26 (W.D.N.C. 2004) (Voorhees, J.) (FTCA governed negligence claim by military retiree related to his enrollment in Survivor Benefit Plan, which caused him financial injury).

Before an individual can bring a suit under the FTCA, however, he or she

must first submit the claim in writing to the appropriate federal agency. 28 U.S.C. § 2401(b); 28 U.S.C. § 2675(a). The filing of the administrative claim and the time for doing so are jurisdictional and may not be waived. Gould, 905 F.2d at 741; Henderson v. U.S., 785 F.2d 121, 123 (4th Cir. 1986). An individual must also properly present the administrative claim to the federal agency. Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000). In order to be properly presented, an individual must submit a written notification of the claim that contains a claim for a monetary damages in a sum certain. Id. "Requesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit." Id.

The Complaint and Plaintiff's Response to Defendant Motion to Dismiss both fail to demonstrate that Plaintiff properly presented his claim for monetary damages to the appropriate federal agency. Plaintiff did not submit a written request to USPS notifying it of the negligence claim based on the failure of USPS employees to provide Plaintiff an accurate SF-50. Moreover, Plaintiff did not submit a written notification of this claim that contained a claim for monetary damages of a sum certain, a necessary element of a FTCA claim. Id. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to

Dismiss as to the FTCA claim for damages and **DISMISS** the FTCA claim **without prejudice**. Plaintiff may renew his FTCA claim after exhausting his administrative remedies.

### C. Plaintiff's Claim for the Issuance of an Accurate SF-50

Although not entirely clear from the Complaint, it appears that Plaintiff also requests the issuance of a new, accurate SF-50. This claim is separate from Plaintiff's claim for unpaid leave and for monetary damages under the FTCA stemming from Defendant's alleged negligence in failing to timely issue the SF-50. Defendant, however, does not address this claim in its legal briefs in support of the Motion to Dismiss. As such, the Court **RECOMMENDS** that the District Court **DENY** the Motion as to the claim for the issuance of an accurate SF-50.

### IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 5]. The Court **RECOMMENDS** that the District Court **GRANT** the motion as to all claims asserted in the Complaint other than Plaintiff's claim for the issuance of SF-50.

Signed: September 29, 2015

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).