IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv165

| | |
|---|---|
| DAVID B. CROSSLEY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | |

Pending before the Court is the Second Motion to Dismiss [# 14]. Plaintiff brought this action in state court asserting claims related to the United States Postal Service's ("USPS") alleged failure to issue an accurate notification of separation form (SF-50) after his release from employment. USPS removed the case to this Court and moved to dismiss the Complaint in its entirety. The Court entered a Memorandum and Recommendation recommending that the District Court grant in part the motion. (M. & R., Sept. 30, 2015, ECF No. 12.) The District Court accepted this Court's Memorandum and Recommendation and dismissed all the claims asserted in the Complaint other than Plaintiff's claim seeking an order directing the USPS to provide a new, accurate SF-50 form. (Order, Oct. 23, 2015, ECF No. 13.) Subsequently, the USPS filed a Second Motion to Dismiss pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of the remaining claim for failure to state a claim and for mootness. In an abundance of caution, the Court issued an Order directing Plaintiff to respond to the Motion to Dismiss (Order, Feb. 23, 2016, ECF No. 17); Plaintiff, however, failed to file a response. The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 14]. The Court, however, **RECOMMENDS** that the District Court **DISMISS** the remaining claim in this case *sua sponte*.

I. Analysis

A. The Motion to Dismiss Filed by the USPS

Shortly after the District Court entered its Order accepting this Court's Memorandum and Recommendation, the USPS filed its Second Motion to Dismiss. The USPS moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds of failure to state a claim and mootness. (Def.'s Second Mot. Dismiss, ECF No. 14.) The Memorandum of Law filed in support of this motion does not contain any legal citations and fails to set forth any relevant law as to the legal grounds upon which USPS moves for dismissal.

Rule 12(b)(6) is not the proper mechanism for moving to dismiss on mootness grounds. Rather, mootness is appropriately raised pursuant to a motion to dismiss under Rule 12(b)(1). See e.g. Nat'l Ass'n of Pharmacy v. Bd. of

Regents of the Univ. Sys. of Ga., 633 F.3d 1297, 1308 (11th Cir. 2011) ("Therefore, we review the claim for mootness, a justiciability ground for dismissal properly brought under Rule 12(b)(1)."); Goodman v. U.S., 185 F. App'x 725, 727 (10th Cir. 2006) (holding that a motion to dismiss for mootness is properly brought under Rule 12(b)(1)); Friends of Animals v. Salazar, 670 F. Supp. 2d 7, 11 (D.D.C. 2009) (same); Nhung Thi Tran v. Holder, Civil Action No. DCK 10-2503, 2011 WL 3236098, at *1 (D. Md. Jul. 27, 2011) (same); Gonzalez v. Mayorkas, No. 1:13-cv-1230, 2014 WL 585863, at * 2 (E.D. Va. Feb. 12, 2014) (same); Estate of Peoples v. Barnwell Cty. Hosp., Civil Action No. 1:13-01678, 2014 WL 607586, at * 5 (D.S.C. Feb. 18, 2014) (same); Alexander v. Barnwell Cty. Hosp., Civil Action No. 1:13-02032, 2014 WL 607669, at *5 (D.S.C. Feb. 18, 2014) (same); Alexander v. Barnwell Cty. Hosp., Civil Action No. 1:13-02164, 2014 WL 607499, at *5 (D.S.C. Feb. 18, 2014) (same). Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the Second Motion to Dismiss [# 14].

> B. **The Court may Raise the Issue of Mootness *Sua Sponte***

The United States Constitution limits the jurisdiction of district courts to actual cases or controversies. U.S. Const. art. III, §2. This controversy must exist at all stages of the trial proceedings, not just when a plaintiff files the complaint.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998); Arizonans for Official English v. Arizona, 520 U.S. 43, 67, 117 S. Ct. 1055, 1068 (1997); CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 474 (4th Cir. 2015).  The doctrine of mootness is derived from the case and controversy requirement of Article III of the United States Constitution.  See Kemna, 523 U.S. at 7, 118 S. Ct. at 983; Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 228 (4th Cir. 1997).  Thus, a case becomes moot and is no longer subject to the Court's jurisdiction where it no longer presents a case or controversy due to some change in circumstance after the filing of the complaint that prevents the Court from performing its harm-preventing function or where the Court can offer the plaintiff no relief.  See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002).  "Generally speaking, one such circumstance mooting a claim arises when the claimant received the relief he or she sought to obtain through the claim."  Id.; see also Wynne, 792 F.3d at 474 ("Litigation may become moot during the pendency of an appeal when an intervening event makes it impossible for the court to grant effective relief to the prevailing party."); Norfolk S. Ry. Co. v. City of Alexandria, 608 F.3d 150, 161 (4th Cir. 2010).  Because mootness goes to the issue of Article III jurisdiction, the Court may raise the issue *sua sponte*.  Dunlap, 290 F.3d at 197.

Upon a review of the record, the Court finds that the sole remaining claim

in this case is moot. Previously, the District Court dismissed all of Plaintiff's claims for damages, but allowed the claim for the issuance of a new SF-50 to go forward. (Order, Oct. 23, 2015, ECF No. 13.) After the entry of the District Court's Order, the USPS mailed a copy of Plaintiff's Personnel Form SF-50 to his address via certified mail. (Druskis Decl. ¶ 2, ECF No. 15-1.) Plaintiff signed for the delivery of the form on October 28, 2015. (Id. ¶ 3.) Moreover, Plaintiff did not respond to the Second Motion to Dismiss or this Court's Order directing Plaintiff to respond. Because Plaintiff has now obtained the actual relief he sought through bringing his claim against the USPS, Plaintiff's remaining claim is moot, and the Court lacks jurisdiction to further adjudicate this dispute. See Dunlap, 290 F.3d at 197.

Finally, the issue remaining before the Court is not one that is capable of repetition yet evading review such that the doctrine of mootness would not apply to deprive the Court of jurisdiction. See Kennedy v. Block, 784 F.2d 1220, 1222-23 (4th Cir. 1986) (discussing the exception to the application of the mootness doctrine where there exist a reasonable expectation that the plaintiff would be subject to the same action again). Plaintiff is no longer employed by the USPS; the USPS terminated Plaintiff's employment on June 2, 2015. (Pl.'s Compl. p. 2, ECF No. 1-1.) Accordingly, there is no longer any possibility that Plaintiff would be

subject to the same harm again from his former employer, and Plaintiff has now received the termination form that he sought to obtain through this litigation so that he could obtain unemployment compensation in Arizona. The Court, therefore, **RECOMMENDS** that the District Court **DISMISS** the remaining claim as moot.

### IV. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 14]. The Court, however, **RECOMMENDS** that the District Court **DISMISS** as moot the remaining claim in this case *sua sponte*.

Signed: March 30, 2016

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).